27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
F.P. CORPORATION, Plaintiff-Appellant,
v.
GOLDEN WEST FOODS, INCORPORATED, Defendant-Appellee.
TRANSPORTATION CLAIMS AND PREVENTION COUNCIL, INCORPORATED,
Amicus Curiae.
F.P. CORPORATION, Plaintiff-Appellee,
v.
GOLDEN WEST FOODS, INCORPORATED, Defendant-Appellant.
TRANSPORTATION CLAIMS AND PREVENTION COUNCIL INCORPORATED,
Amicus Curaie.
 Nos. 92-2000, 92-2045.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 27, 1993.
Decided June 15, 1994.
 
 Appeals from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, Chief District Judge. (CA-91-40-L)
 Joseph L. Steinfeld, Jr., Sims, Walker & Steinfeld, P.C., Washington, D.C., for appellant.
 Stephen R. Mysliwiec, Piper & Marbury, Washington, DC, for appellee.
 Robert B. Walker, John T. Siegler, Scott H. Lyon, Sims, Walker & Steinfeld, P.C., Washington, DC, for appellant.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 F.P. Corporation, a motor carrier, appeals a summary judgment for Golden West Foods, a shipper, in an action for undercharges. The district court, citing a ruling of the Interstate Commerce Commission, determined that the carrier was not entitled to tariff rates published with the ICC because it did not satisfy the tariff participation criteria of 49 C.F.R. Sec. 1312.4(d). We held this appeal in abeyance pending the Supreme Court's decision in Security Services v. KMart Corp., 62 U.S.L.W. 4329 (U.S. May 17, 1994). We now affirm on the basis of Security Services.
 
 
 2
 F.P. Corporation (F.P.) operated as a motor carrier providing transportation services in common and contract carriage under its Interstate Commerce Commission authority. The Interstate Commerce Act requires a motor common carrier to file its rates in tariffs with the ICC. Commission regulations provide that a mileage rate consists of the rate per mile and the distance between the shipping origin and destination. See 49 C.F.R. Sec. 1312.30 (1992). Carriers may establish distances by publishing a list, attaching a map to which the tariff refers, or by reference to a mileage guide filed with the ICC. See 49 C.F.R. Sec. 1312.30(c)(1) (1992).
 
 
 3
 Between June 1988 and August 1989, F.P. hauled more than 170 shipments for Golden West Foods, Inc. An audit that F.P. commissioned of its freight bills revealed that Golden West had paid $95,931.79 less than the applicable tariff rates for the shipments in question. F.P. brought suit for these undercharges. The district court granted Golden West's motion for summary judgment, holding that because F.P. had failed to execute a power of attorney incorporating the HGB mileage guide, the carrier did not have a valid tariff on file.
 
 
 4
 In Security Services, the Court held that when a carrier relies on a mileage guide, such as HGB, ICC regulations require the carrier to participate in the guide by maintaining a power of attorney. Failure to participate, as shown by the guide, voids the carrier's tariff. 62 U.S.L.W. at 4333. Because the district court properly anticipated the decision in Security Services, we affirm its judgment denying F.P. recovery because its tariff was not valid.
 
 AFFIRMED